# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2018

Lyle W. Cayce
Clerk

KYLE SMITH HAUENSTEIN,

> Plaintiff - Appellee

v.

WILLIAM HILTON,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-3188

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kyle Smith Hauenstein, Louisiana prisoner # 624748, filed a civil-rights complaint, pursuant to 42 U.S.C. § 1983, against William Hilton, the Rapides Parish Sheriff, and Pat Ashley, the Assistant Warden at the Rapides Parish Detention Center-I (RPDC-I). He alleged: while he was a pretrial detainee at the RPDC-I, prison officials delayed adequate medical treatment for an

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

infection on his right foot and were deliberately indifferent to his serious medical needs.

The parties' joint motion seeking voluntarily to dismiss the claims against Assistant Warden Ashley without prejudice was granted.  And, Sheriff Hilton moved for summary judgment, claiming, *inter alia*, qualified immunity with respect to the § 1983 claims asserted against him in his individual capacity.  The court, *inter alia*, denied qualified immunity, and Sheriff Hilton filed this interlocutory appeal.

Our jurisdiction to review the denial of a summary-judgment motion based on qualified immunity is limited.  *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc).  We consider only "whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment".  *Id.* at 348.  The court's conclusions regarding the legal consequences of the facts are reviewed *de novo*.  *Id.* at 349.

To overcome a claim of qualified immunity, Hauenstein must:  (1) allege "a violation of a clearly established constitutional right"; and (2) show the Sheriff's "conduct was objectively unreasonable in the light of clearly established law".  *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998).  Hauenstein claims a violation of his Eighth Amendment right to adequate medical care while incarcerated as a pretrial detainee.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Sheriff Hilton cannot be held liable for such a violation unless he knew the healthcare system at RPDC-I "was so deficient as to expose prisoners to substantial risk of significantly unmet serious medical needs—*i.e.*, was unconstitutional—and failed to properly attempt to correct it".  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  Moreover, because the Sheriff is a

supervisory official, Hauenstein must show the Sheriff: (1) affirmatively participated in the acts causing the constitutional deprivation; or (2) implemented policies evincing a deliberate indifference to prisoners' medical needs that caused Hauenstein's injury. *E.g.*, *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied* 508 U.S. 951 (1993).

The court denied qualified immunity, in part, because there were fact issues regarding whether Sheriff Hilton had implemented a constitutionally deficient policy at RPDC-I of providing routine medical care to prisoners through the use of paramedics employed by the Coroner's office. The court found that the paramedics were independently diagnosing and treating inmates at RPDC-I without the direct supervision of a physician and that such conduct was outside the scope of paramedic training, certification, and licensure. On that basis, the court concluded there were genuine disputes of material fact on whether the Sheriff was individually liable under § 1983 for adopting an unconstitutional policy.

As Sheriff Hilton points out, there is no evidence other prisoners suffered adverse health outcomes because of RPDC-I's healthcare system. Further, Hauenstein's deposition testimony shows the system worked every time he sought medical care with the exception of his foot infection. During his confinement at RPDC-I, Hauenstein sought treatment for a variety of ailments, including depression, asthma, syncope, and kidney stones. In each of those instances, he submitted a sick-call form and was evaluated and treated by one of the paramedics assigned to RPDC-I, usually within 24 hours. In addition, the Sheriff cannot be held liable on the theory that he implemented an unconstitutional policy when the record shows only a single instance in which the healthcare system at RPDC-I failed to provide adequate medical

care. *E.g.*, *Thompkins*, 828 F.2d at 305. Therefore, the court erred in denying qualified immunity based on the theory of an unconstitutional policy.

The court also concluded there were genuine disputes of material fact on whether Sheriff Hilton failed to train the RPDC-I's guards on obtaining medical care for prisoners with serious medical issues and whether that failure caused Hauenstein's injuries. Hauenstein's amended complaint, however, contains no allegations that Sheriff Hilton failed to train the guards at RPDC-I regarding prisoner medical care, nor does the summary-judgment evidence permit such an inference. Moreover, even if the record suggested Sheriff Hilton failed to train the guards, Hauenstein's claim would still fail because there is no evidence of a causal connection between any failure to train and the alleged denial of adequate medical care. *E.g.*, *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001) (must show (1) failure to train, (2) causation, and (3) deliberate indifference). Accordingly, the court erred in denying qualified immunity based on a failure to train.

In sum, because Hauenstein has not shown the healthcare system at RPDC-I "was so deficient as to expose prisoners to substantial risk of significantly unmet serious medical needs", *Thompkins*, 828 F.2d at 304, he has not demonstrated "a violation of a clearly established constitutional right", *Hare*, 135 F.3d at 325.

VACATED and REMANDED for entry of judgment dismissing the § 1983 claims against Sheriff Hilton in his individual capacity.